UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOUIS REIS, <br><br> Plaintiff, <br><br> v. <br><br> DELL INC., GLEN DEVONISH, SURESH RAAM, and HADI HAYEK, <br><br> Defendants. | § § § § § § § § § § § § §   SA-24-CV-908-OLG (HJB) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's Motion for Preliminary Injunction. (Docket Entry 2.) Pretrial matters have been referred to the undersigned for consideration. (Docket Entry 6.) For the reasons set out below, I recommend that the motion (Docket Entry 2) be **DENIED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

Proceeding *pro se*, Plaintiff has filed a complaint against Defendants alleging purported violations of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*., as well as state claims. (Docket Entry 1.) He has filed a motion for preliminary injunction. (Docket Entry 2.) Summons have been issued (*see* Docket Entry 3), but there is no indication yet that process has been served on Defendants. And the motion for preliminary injunction contains no indication that notice of the motion has been provided to Defendants, or that there is any reason why notice should not be required.

Federal Rule of Civil Procedure 5(a)(1) requires that any written motion must be served on every party, except for a motion "that may be heard *ex parte*." FED. R. CIV. P. 5(a)(1)(D). Rule 65 states that a preliminary injunction may be issued "only on notice to the adverse party." FED. R.

CIV. P. 65(a)(1). The Supreme Court has explained that the notice provisions in Rule 65 help ensure that "the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 434 n.7 (1974). The rule contains an exception for *ex parte* temporary restraining orders, but only if the movant "certifies in writing any of the efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B).

In this case, Plaintiff has made no showing that Defendants have been given notice of the requested preliminary injunction. Plaintiff seems to suggest that his motion is itself notice (*see* Docket Entry 2, at 1), but there is no certificate of service in the motion to show that such notice has been provided. *Cf.* FED. R. CIV. P. 5(d). Nor, for that matter, is there any indication that Defendants have even been served process at this point, or that they are automatically receiving electronic notices of all new filings in the case. Likewise, Plaintiff's motion includes no showing that he attempted to provide notice to Defendants or that such notice should not be required.

For these reasons, I recommend that Plaintiff's Motion for Preliminary Injunction (Docket Entry 2) be **DENIED WITHOUT PREJUDICE** to refiling with an accompanying certificate of service or other sufficient proof that Defendants have been given notice of the motion. To the extent Plaintiff requests an *ex parte* temporary restraining order or other injunction without such notice, the motion should be **DENIED**.

### Notice of Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be

filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to twenty (20) pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "[f]rivolous, conclusory, or general objections can be ignored." *Croy v. United States*, 697 F. Supp. 3d 653, 662 (W.D. Tex. 2023) (Moses, C.J.) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on September 3, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge