UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOUIS REIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | SA-24-CV-908-OLG (HJB) |
| § | |
| DELL INC., GLEN DEVONISH, § | |
| SURESH RAAM, and HADI HAYEK, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendants' 12(b)(1) Motion to Dismiss or Motion to Transfer Venue. (Docket Entry 10.) Plaintiff has responded to the Motion (Docket Entry 15), and Defendants have replied (Docket Entry 20). Pretrial matters have been referred to the undersigned for consideration. (Docket Entry 6.) For the reasons set out below, I recommend that Defendant's motion (Docket Entry 10) be **GRANTED IN PART**, and this case **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**I.   Jurisdiction.**

Defendants move to dismiss for lack of subject-matter jurisdiction. (*See* Docket Entry 10.) The Court may exercise "jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). The undersigned has authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

**II.   Background.**

Plaintiff's complaint asserts state-law claims of defamation, breach of contract, promissory estoppel, and tortious interference against Defendants, including his former employer Dell Inc.

("Dell"). (Docket Entry 1, at 11, 15, 28, 33.) He also preemptively challenges the constitutionality of the Federal Arbitration Act ("FAA"), anticipating that Dell would invoke arbitration as an affirmative defense, based on an arbitration agreement he signed as a condition of his employment with Dell. (*Id.* at 5; see Docket Entry 15, at 1; Docket Entry 10-3, at 17–21, 24–25.) *See* FED. R. CIV. P. 8(c)(1) (including arbitration in a list of common affirmative defenses). Due to his preemptive attack on the FAA, Plaintiff argues that the Court has federal question jurisdiction. (Docket Entry 1, at 3.)

Defendants moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1).[1] (Docket Entry 10.) They argue that Plaintiff's constitutional attack on the FAA in anticipation of an arbitration defense cannot be used to bootstrap his purely state-law claims into federal court. (*Id.* at 4.) They additionally argue the FAA itself cannot confer federal jurisdiction. (*Id.* at 3–4.) And Defendants point out that diversity jurisdiction does not provide an alternative basis to hear Plaintiff's state claims, because the parties are not completely diverse. (*Id.* at 4.)[2] In response, Plaintiff does not contest the diversity issue, but he continues to assert that the FAA provides jurisdiction. (*See generally* Docket Entry 15.)

---

[1] Defendants also move in the alternative to transfer venue to the Austin Division. But "[j]urisdiction comes first." *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 533 (5th Cir. 2022). Because the undersigned finds that the Court lacks subject-matter jurisdiction and should dismiss this case, this Report and Recommendation does not address the alternative transfer request.

[2] Defendants also contend that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine because Plaintiff is seeking to collaterally attack an order from the 455th District Court, in Travis County, Texas, which held that all of Plaintiff's claims are arbitrable and covered by the arbitration agreement he signed with Dell as condition of his employment. (Docket Entry 10, at 3; Docket Entry 10-1, at 2; Docket Entry 10-3, at 24–25.) The *Rooker-Feldman* doctrine provides that "inferior federal courts do not have the power to modify or reverse state court judgments." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004). However, this Report and Recommendation does not reach Defendants' *Rooker-Feldman* argument because Plaintiff has failed to establish either federal question or diversity jurisdiction in the first instance.

**III.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing FED. R. CIV. P. 12(b)(1)).  The burden of proof "is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161 (citation omitted).  Thus, it is Plaintiff's burden to prove here "that jurisdiction does in fact exist." *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

When ruling on a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The Court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023).

**IV.     Discussion**

Federal courts have subject matter jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331.  A case "arises under" federal law when "a federal question is presented on the face of a well-pleaded complaint, that is, a complaint that asserts the plaintiff's right to recovery based on federal law." *La. Indep. Pharm. Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022) (citing *Franchise Tax Bd. of State of Ca. v. Constr. Labs. Vacation Tr. of S. Ca.*, 463 U.S. 1, 10 (1983)).

Plaintiff's complaint does not assert any right to recovery based on federal law.  Rather, it asserts four state-law claims and anticipatorily attacks the FAA as unconstitutional in expectation

3

that Defendants would respond—as it had in state court (*see* Docket Entry 10-1, at 2)—that those state-law claims are subject to arbitration. (*See* Docket Entry 1, at 5.)

Plaintiff's jurisdictional assertion fails for two reasons. First, a plaintiff cannot "predicat[e] federal jurisdiction on an anticipated federal defense to his claim[s]." *La. Indep. Pharm. Ass'n*, 41 F.4th at 478 (citing *Franchise Tax Bd. of State of Ca.*, 463 U.S. at 10). Plaintiff's claims sound in state law—they are not predicated on any FAA provision. (Docket Entry 1, at 11, 15, 28, 33.) Second, even if Plaintiff made a claim actually based on the FAA, the FAA "bestow[s] no federal jurisdiction but rather require[es] [for access to a federal forum] an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (citation and internal quotation omitted). For this reason, in considering cases when an arbitration agreement subject to the FAA is at issue, a court must "assume the absence of the arbitration agreement and determine whether it would have jurisdiction under title 28 without it." *Polyflow, L.L.C. v. Specialty TRP, L.L.C.*, 993 F.3d 295, 302 (5th Cir. 2021) (quoting *Vaden*, 556 U.S. at 62). Applying these principles here, the Court cannot exercise federal question jurisdiction in this case.

Federal question jurisdiction is the only basis for jurisdiction Plaintiff invokes in his complaint. (Docket Entry 1, at 3.) Nevertheless, it is evident from his complaint that the Court also lacks diversity jurisdiction. "Diversity jurisdiction requires complete diversity between the parties." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329 (5th Cir. 2004). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Plaintiff's complaint makes clear that such diversity is lacking here.

Plaintiff alleges that all of the parties who are natural persons, including himself, are residents of Texas. (Docket Entry 1, at 1–3.) While "[c]itizenship and residence . . . are not

4

synonymous terms," for individuals "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). On its face, then, Plaintiff's complaint alleges that he and individuals he sues are not diverse.

Dell's Texas citizenship is even clearer. As a corporation, Dell is "deemed to be a citizen of both the state of its incorporation and the state of its principal place of business." *Smith v. Dell, Inc.*, No. 1:19-CV-967-RP-AWA, 2019 WL 12383075, at *2 (W.D. Tex. Oct. 8, 2019), *report and recommendation adopted*, No. 1:19-CV-967-RP, 2020 WL 10056100 (W.D. Tex. Mar. 16, 2020). A corporation's principal place of business is the place where the corporation maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Plaintiff unequivocally alleges that Dell's corporate headquarters is in Round Rock, Texas. (Docket Entry 1, at 2.) And courts in this District have repeatedly found that Dell's principle place of business is in Texas. *See Smith*, 2019 WL 12383075, at *2 ("Dell, Inc.'s principal place of business [is] in Round Rock, Texas, a city near Austin, and located within the Western District of Texas.") (citing *Polaris Innovations Ltd. v. Dell, Inc.*, No. SA-16-CV-451-XR, 2016 WL 7077069, at *1 (W.D. Tex. Dec. 5, 2016)).

For all these reasons, the Court cannot exercise jurisdiction in this case. Accordingly, because federal question jurisdiction is lacking, dismissal without prejudice is required. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 452 (5th Cir. 2022) (dismissal for lack of jurisdiction is ordinarily without prejudice).

**V.     Conclusion and Recommendation.**

Based on the foregoing, the Court has no subject matter jurisdiction to hear this case. Accordingly, I recommend that Defendants' Motion to Dismiss or Motion to Transfer Venue

(Docket Entry 10) be **GRANTED IN PART**, and that this case be **DISMISSED WITHOUT PREJUDICE**.

VI.     **Notice of Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to 20 pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "[f]rivolous, conclusory, or general objections can be ignored." *Croy v. United States*, 697 F. Supp. 3d 653, 662 (W.D. Tex. 2023) (Moses, C.J.) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on October 21, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge